NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50115 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00120-JFW-1 |
| v. | |
| JORGE LUIS NUNEZ, AKA Jorge L. Nunez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted February 6, 2019
Pasadena, California

Before: WARDLAW and BEA, Circuit Judges, and MURPHY,[**] District Judge.

Jorge Luis Nuñez appeals the district court's denial of an evidentiary hearing

on the reliability of a canine alert that identified a bag in Nuñez's possession

containing approximately 1648 grams of methamphetamine. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

under 28 U.S.C. § 1291.  We affirm.

1.       Nuñez contends that the district court's denial of an evidentiary hearing violated the Supreme Court's holding in *Florida v. Harris*, 568 U.S. 237 (2013), that "[a] defendant . . . must have an opportunity to challenge . . . evidence of a dog's reliability, whether by cross-examining the testifying officer or by introducing his own fact or expert witnesses." *Id.* at 247.  Here, however, Nuñez failed to identify a factual dispute as to the reliability of the canine's alert in his moving papers.  *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); *see also Harris*, 568 U.S at 247 ("The court should allow the parties to make their best case, consistent with the usual rules of criminal procedure.").  Because Nuñez failed to identify a factual dispute as to the canine's reliability in his moving papers, the district court did not abuse its discretion in denying him an evidentiary hearing on the reliability of the canine's alert.[1]

---

[1] Although Nuñez argues that he challenged the reliability of the canine's alert in his initial motion to suppress, Nuñez does not argue on appeal that this motion identified a factual dispute warranting an evidentiary hearing.  Moreover, on appeal Nuñez abandoned the argument made in his reply to the government's opposition that the canine's alert at the driver's side door created a factual dispute as to the alert's reliability.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.

2.      Nuñez further contends that he has demonstrated good cause for presenting a late defense, objection, or request under Federal Rule of Criminal Procedure 12(c)(3).  But Nuñez failed to move for leave to file an untimely motion to suppress under Federal Rule of Criminal Procedure 12(c)(3).  Because Nuñez failed to seek this relief before the district court, it cannot form the basis for relief on appeal.  *See United States v. Belden*, 957 F.2d 671, 674–75 (9th Cir. 1992) (arguments not made to the district court are not preserved for appellate review).

**AFFIRMED.**

---

1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").